CLOSED

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| WARNER CHILCOTT COMPANY, LLC, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>TEVA PHARMACEUTICALS USA, INC.,<br><br>Defendant. | Civil Case No. 11-6936 (FSH)<br><br>**JUDGMENT ORDER**<br><br>Date:  March 4, 2015 |

**FINAL JUDGMENT ORDER**

    This matter having come before the Court upon the Amended Complaint (Case No. 11-6936, ECF No. 76) of Warner Chilcott Co., LLC, and Warner Chilcott (US), LLC, (collectively "Plaintiffs");

    it appearing that Plaintiffs allege in Count I of the Amended Complaint that Defendant Teva Pharmaceuticals USA, Inc.'s filing of Abbreviated New Drug Application No. 20-3217 constituted an act of statutory infringement of U.S. Patent No. 7,645,459 (the "'459 patent") pursuant to 35 U.S.C. § 271(e)(2)(A); and that Plaintiffs allege in Count II of the Amended Complaint that Defendant Teva Pharmaceuticals USA, Inc.'s filing of Abbreviated New Drug Application No. 20-3217 constituted an act of statutory infringement of U.S. Patent No. U.S. Patent No. 7,645,460 (the "'460 patent") pursuant to 35 U.S.C. § 271(e)(2)(A);

    it appearing Defendant Teva filed an Answer and Counterclaims to the Amended Complaint, asserting counterclaims for a declaratory judgment of invalidity and non-infringement of the '456 and '460 patents (ECF No. 82);

it appearing the Court conducted a non-jury trial on July 14, 15, 16, 17, and 18, 2014, regarding the validity of claim 16 of the '459 patent and claim 20 of the '460 patent (the "asserted claims");

it appearing the parties have dismissed without prejudice their respective claims and counterclaims pertaining to U.S. Patent No. 8,246,989 and all claims of the '459 and '460 patents except the asserted claims;

the Court having had the opportunity to consider the trial evidence; for the reasons set forth in the Findings of Fact and Conclusions of Law dated March 4, 2015, the Court having found that Defendant has not proven its invalidity defense of anticipation by clear and convincing evidence with respect to claim 16 of the '459 patent and claim 20 of the '460 patent; and the Court having found that Defendant has proven its invalidity defense of obviousness by clear and convincing evidence with respect to claim 16 of the '459 patent and claim 20 of the '460 patent; therefore, the Court having ruled in favor of Defendant;

**IT IS** this 4th day of March, 2015, hereby

**ORDERED AND ADJUDGED**:

For the reasons set forth in the Court's Findings of Fact and Conclusions of Law dated March 4, 2015,

1. Claim 16 of the '459 patent and claim 20 of the '460 patent are not invalid as anticipated under 35 U.S.C. § 102;

2. Claim 16 of the '459 patent and claim 20 of the '460 patent are invalid for obviousness under 35 U.S.C. § 103;

3. All requests for relief in Plaintiff's Amended Complaint are denied;

4. Defendant Teva's First and Third Counterclaims, for declaratory judgment of

invalidity of the '459 patent and '460 patent, are granted with respect to claim 16 of the '459 patent and claim 20 of the '460 patent;

5. Pursuant to Fed. R. Civ. P. 58, Final Judgment is entered in favor of Defendant and against Plaintiffs;

6. In the event Plaintiffs file an appeal from this Final Judgment, any motion for attorneys' fees and/or costs under Fed. R. Civ. P. 54(d), relating to claims that this case is exceptional under 35 U.S.C. § 285, shall be considered timely filed if filed and served within thirty (30) days after final disposition of any such appeal; and

7. In the event Plaintiffs do not file an appeal from this Final Judgment, any motion for attorneys' fees and/or costs under Fed. R. Civ. P. 54(d), relating to claims that this case is exceptional under 35 U.S.C. § 285, shall be considered timely filed if filed and served within 30 days after the expiration of the time for filing a notice of appeal under Fed. R. App. P. 3 and 4.

Dated: March 4, 2015

**IT IS SO ORDERED**

/s/ Faith S. Hochberg
Hon. Faith S. Hochberg, U.S.D.J.